OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendant for summary judgment is denied. This cross motion by the plaintiff for summary judgment is granted to the extent that the plaintiff’s superior right to a certain 1983 Silverton boat is established. After completion of any further necessary disclosure proceedings, there shall be an immediate trial to resolve the question of damages, upon the filing of a note of issue and the payment of the appropriate court fees.
This action for money damages is based upon the defendant’s allegedly unlawful conversion of a boat. By the defendant’s motion and the plaintiff’s cross motion both parties seek summary judgment.
The defendant was the owner of a certain 34-foot 1983 Silver-ton model power boat. By a contract dated November 3,1983 the defendant agreed to purchase a 1984 Mainship boat from Corrigan’s Yacht Yard & Marine Sales, Inc. As part payment, the 1983 Silverton boat was delivered to Corrigan’s. The contract provided that April 10, 1984 was the “approximate delivery date” of the 1984 Mainship boat. The registration for the 1983 Silverton boat was never delivered to Corrigan’s by the defendant.
*95 Thereafter, by a contract dated “11/26/83” the plaintiff agreed to purchase the 1983 Silverton boat from Corrigan’s.
When Corrigan’s was unable to deliver the 1984 Mainship boat to the defendant on or about April 10, 1984, the defendant decided to take back his 1983 Silverton boat, notwithstanding the sale of that boat to the plaintiff by Corrigan’s. On May 20, 1984, the defendant retrieved the boat and continues to retain possession.
The defendant seeks summary judgment contending that since he never received the 1984 Mainship boat, he never lost title to the 1983 Silverton boat. Title, he claims, was to transfer only upon delivery of and as payment for the new boat. The defendant, however, acknowledges that Corrigan’s took possession of the 1983 Silverton boat in contemplation of the transaction. Indeed, during the examination before trial of the defendant, the following transpired:
“Q When you dock your boat somewhere don’t you pay storage?
“A You are talking about docking or putting a boat up for winter?
“Q When you dock a boat.
“A Dock a boat you don’t pay storage. You pay dock fees.
“Q When you store your boat for the winter do you pay winter storage fees?
“A Generally yes.
“Q Did you intend to pay winter storage fees in this instance?
“A No.
“Q Can you tell me why you didn’t?
“A Because I had traded my boat. And Mr. Howell explained that he would take care of all of this for me.
“Q Mr. Howell had indicated to you that he would not charge you for storage for the winter?
“A That is correct.”
In support of his cross motion* for summary judgment the plaintiff relies upon Uniform Commercial Code § 2-403. This section provides:
*96 “(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though
“(a) the transferor was deceived as to the identity of the purchaser, or
“(b) the delivery was in exchange for a check which is later dishonored, or
“(c) it was agreed that the transaction was to be a ‘cash sale’, or
“(d) the delivery was procured through fraud punishable as larcenous under the criminal law.
“(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.
“(3) ‘Entrusting’ includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possess- or’s disposition of the goods has been such as to be larcenous under the criminal law.
“(4) The rights of other purchasers of goods and of lien creditors are governed by the Articles on Secured Transactions (Article 9), Bulk Transfers (Article 6) and Documents of Title (Article 7).”
Most relevant to the present case are subdivisions (2) and (3) of section 2-403. Also of relevance is Uniform Commercial Code § 1-201 (9) which provides, in part: “(9) ‘Buyer in ordinary course of business’ means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind”.
The examination before trial of the plaintiff establishes, and the defendants offer no proof or allegations to rebut the conclusion that the plaintiff was a buyer in the ordinary course of business.
Moreover, the defendant’s own testimony establishes that he entrusted the 1983 Silverton boat to Corrigan’s. Accordingly, *97 Corrigan’s had the power to transfer all of the defendant’s rights to the plaintiff.
Any doubt that this is the result intended by Uniform Commercial Code § 2-403 is removed by the authorities interpreting the section. In their Practice Commentary, Alfred A. Buerger and William J. O’Connor, Jr., state: “Subsec. (2) of this section establishes the new and important rule that: ‘Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business’, as defined in U.C.C. § 1-201 (9). Under said subsec. (2) the rights of the owner of a watch delivered by him to a jeweler for repairs could be transferred by the jeweler to a ‘buyer in ordinary course of trade.’ ” (McKinney’s Cons Laws of NY, Book 621/2, Part 1, Uniform Commercial Code § 2-403, p 394.)
In the New York Annotations to Uniform Commercial Code § 2-403 it is stated: “Entrusting to a merchant who deals. The provisions of subsection (2) go beyond present law; protection is afforded to one who purchases in the ordinary course of business from a merchant, to whom the goods have been entrusted, even though the merchant was given no authority to deal with the goods by the entruster. No New York case has gone this far in safeguarding the rights of an innocent purchaser.” (McKinney’s Cons Laws of NY, Book 62V2, Part 1, p 396.)
Moreover, as the plaintiff has noted, the fact that Corrigan’s did not have the registration certificate and consequently was unable to deliver it to the plaintiff is not controlling since, pursuant to Vehicle and Traffic Law § 2251 (5), title may be transferred without the registration certificate. The section provides, in part: “Where the certificate of the former owner cannot be obtained, the new owner shall submit such proof of ownership as the commissioner shall require.”
Accordingly, between the parties, the plaintiff is the one with the superior right to the 1983 Silverton boat.
What remains to be established is the amount of damages recoverable by the plaintiff. This does not preclude summary judgment with respect to the issue of which party has the superior claim to the boat. Upon completion of any further necessary disclosure proceedings, there shall be an immediate trial to resolve the question of damages, upon the filing of a note of issue and the payment of the appropriate court fees. (CPLR 3212 [c].)

 While the cross motion is supported by an attorney’s affirmation this does not preclude the plaintiff from prevailing on the present motion and cross motion for summary judgment. As observed by the Court of Appeals in Zuckerman v City of New York (49 NY2d 557, 563): “The affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide ‘evidentiary proof in admissible form’, e.g., documents, transcripts.” In this case documents and transcripts establish the plaintiff’s right to summary judgment as provided herein.